UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:
Agro Research International, LLC
Debtor.
_________________________/

Case No: 6:24-bk-03122-LVV
Chapter 11, Subchapter V

# SECOND AMENDED PLAN OF REORGANIZATION

Agro Research International, LLC, (the "Debtor") files this Second Amended Plan of Reorganization (the "Plan") as a small business debtor under Subchapter V. 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization. A separate Disclosure Statement is not required. The Plan constitutes a winding down of the business by liquidation of its assets and substantial contributions by insiders.

## BACKGROUND

### A. Description and History of the Debtor's Business and developments in this case

Debtor was a manufacturer and distributor of agricultural products such as pesticides and plant health products located in Sorrento FL. The company began its operations in September 2013, expanding rapidly throughout the entire United States using local distributors to reach growers who needed its products in a few different crops. Agro purchased raw ingredients from several suppliers and blended them into a formulation, packaged and sent the products to customers by common carriers.

Debtor was accused of using nonregistered substances in one of its products by the Government of California and this triggered lawsuits. The company spent an enormous amount of time and money defending itself but could no longer afford to do so and nor to pay the fines that were demanded, so there was no other

alternative than to file for chapter 11 reorganization. The prospect of continued litigation and the damage to Debtor's brands has impaired the feasibility of present and future operations.

Marc Lajeunesse is the only officer and received an annual salary of $36,000 plus travel expenses, health care insurance and a vehicle, but the company has been unable to pay his salary. Debtor rents the premises at 29203 Red Hibiscus Court Sorrento FL 32776 from Marc Lajeunesse, but has been unable to pay the rent.

Debtor's fiscal or calendar year to date gross income is negligible and has required contributions by Marc Lajeunesse. The debtor's gross income for the calendar or fiscal year prior to the filing of this petition was $771,000 in 2023, and $639,300 in 2022. In addition to prepetition debt owed to him, Marc Lajeunesse advanced payments to employees and paid numerous other items to fund this case post-petition. Marc Lajeunesse and his affiliate company Micro Bio Tech LLC has pledged to pay the liquidation value of the assets of $70,000, in addition to $150,000 to unsecured creditors over 4 years, a 4.7% dividend, plus priority tax claims and all payments due secured creditor TD Bank.

Claims bar was 8/29/24 for non-government units. For government units 180 days from filing 6/20/24 or Tuesday, December 17, 2024.

Aaron R. Cohen is the Sub V Trustee; his $4,000 retainer due has been paid.

**B. Liquidation Analysis.**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis and appraisal is attached to the Plan as Exhibit A. This plan provides liquidation value to creditors plus substantial additional contributions from insiders to wind down and wind up the business through this plan.

**C. Ability to Make Future Plan Payments and Operate Without Further Reorganization**

The Debtor's Plan will be funded by asset sales by the Debtor and capital contributions. The Debtor proposes a reasonable Plan which is proposed in good faith and not by any means forbidden by law. Attached hereto as Exhibit B, B-2, B-3, and B-4, and incorporated herein by reference, are Debtor's projected financials with insider Mico Bio Tech contributions, evidencing average net income of $46,000 and feasibility of the Plan payments from the purchase of assets and

contributions by insiders. Additionally Marc Lajeunesse has $120,000 in a personal account available to make the first payments, and also reports the Organic Labs division of Micro Bio Tech LLC may be sold at end of December, 2024, freeing up even more cash to help fund the plan. That is in addition to the net income of Micro Bio Tech which will remain available.

### D. Ballot

A form of ballot for voting on this Plan is attached marked exhibit C.

## ARTICLE I
## SUMMARY

The Plan under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from the Debtor's assets sales and contributions from insiders as the business is wound down.

This Plan provides for classes of priority claims, classes of secured claims, one class of general unsecured claims, and one class of equity security holders.

Secured and unsecured creditors holding allowed claims will receive a distributions on their claims. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtor and the claimants.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1 | Any allowed claims entitled to priority under § 507 of the Code. |
| 2.02 | Class 2 | Secured Claims of TD Bank |
| 2.03 | Class 3 | All general unsecured claims allowed under § 502 of the Code. |
| 2.04 | Class 4 | Equity Security Holders of the Debtor. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVEEXPENSE CLAIMS AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, [“gap” period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in *Article VII*) or on such other date as authorized under the Code, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney, accounting, and Sub-chapter V trustee administrative fees of approximately $50,000. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees. Administrative claims will include counsel for debtor Stiberman Law P.A. and Robert Stiberman and of counsel Joel M. Aresty and Sub V Trustee.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant. *See* Class 1 *infra*.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS

4.01 Claims and interests shall be treated as follows:

| | | |
|---|---|---|
| Class 1<br>FL Dept Rev $1159.55<br>IRS Claim 23<br>Priority $129,195.97<br>Unsecured $11,309.81<br>treated in class 3 below | Impaired | This class includes all claims entitled to priority pursuant to § 507 of the Bankruptcy Code, claims will be in full by equity holder Marc Lajeunesse as part of Plan This class includes all claims entitled to priority pursuant to § 507 of the Bankruptcy Code, claims will be paid in full within 5 years from the Petition Date, plus pre and post-confirmation interest accruing at the statutory rate, in payments commencing within thirty (30) days from the Effective Date of the Plan. |
| Class 2- Claims of TD Bank<br>Claim 7 $125,292 blanket<br>Claim 8 2772.16 2007 Moffett m5500<br>Claim 9 1464.76 2004 Clark<br>Claim 11 $13,416.24 volvo<br>Claim 12 $101,555 Indian supplier | Impaired | Retains lien — loans current and to be assumed by Equity Holder Marc Lajeunesse and his corporations as part of Plan |
| Class 3 General Unsecured Claims | | See list below – to be paid a dividend by Equity Holder Marc Lajeunesse and his corporation $150,000 over 4 years in quarterly payments $9375 per quarter; a 4.7% dividend. |
| Class 4 Equity Security Holders | | Equity Security Holder Marc Lajeunesse will retain ownership in the Debtor post-confirmation for new value. No distribution will be made to equity until all other Plan payments are made. |

Unsecured Claims

| | | |
|---|---|---|
| Ascendant Com Ins | | 2433 |
| Barnard Vogler | | 800 |
| Brentag Mid South | | 7340 |
| Brown and Brown Ins | | 0 |
| Capital One cl 2 | | 86,379 |
| Cal Dept Food & Agr cl 21 | | 1,982,312 |
| Cellco Verizon cl 5 | | 3419 |
| Comdata | | 6751 |
| Crandall Filling Machinery | | 196 |
| DHL | | 145 |
| Downey Brand LLP cl 3 | | 72,895 |
| Farmers Supply | Disputed returned | 0 |
| Hanelin Law | | 29,768 |
| Hossfeld Vineyards Inc cl 17 | Disputed litigation | 0 |
| Hossfeld Vineyards Wine Co cl 18 | | 0 |
| Inline Filing | | 826 |
| Jesus Romero cl 10 | Disputed | 0 |
| Ken Bernards cl 13 | Disputed | 0 |
| Kinetic Supply | | 2220 |
| Lucia Hossfeld cl 15 | Disputed litigation | 0 |
| Peter Hoffman cl 14 and cl 20 | Disputed litigation | 0 |
| Porter Family Vineyards cl 19 | Disputed litigation | 0 |
| Ramsay Express | | 19644 |
| Reister Grower | | 1275 |
| Sentinel Biolog | disputed cross claim litigation | 0 |
| Skagit Farmers supply cl 4 | | 889,156 |
| Smart Work Media | | 1500 |
| State of FL Dept Ag | fines | 5300 |
| TD Bank | Deficiency truck | 17974 |
| Tim Porter cl 16 | Disputed litigation | 0 |
| Total Quality Logistics cl 6 | | 7615 |
| USEPA | EPA | 0 |
| Uline cl 1 | | 255.86 |
| Wilber Ellis Co | Disputed cross claim | 0 |
| IRS claim 23 | | 11,309.81 |
| Subtotal | | 3,149,513.67 |

Insider and subordinated – not being paid in plan

| | | |
|---|---|---|
| Marc Lajeunesse | Insider subordinated (rent) | 46,189 |
| Micro Bio Tech | Insider subordinated | 120,000 |
| Subtotal | | 166,189 |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Contingent Disputed Unliquidated no claim filed
no payment in plan:

| | |
|---|---|
| Farmers Supply sch 3.11 | $700,000 |
| Sentinel Biologics sch 3.25 | $142,530 |
| Wilber Ellis Co sch 3.31 | $142,530 |

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04 Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed. The Debtor shall have 30 days from the entry of the Confirmation Order to file objection to claims, without prejudice to the Debtor seeking an extension of the deadline for good cause.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan.

TD Bank solar panels

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed on or before the date of the order confirming this Plan unless plead otherwise through specific motion. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest. Including lease on business premises to Marc Lejeunesse

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Marc Lajeunesse will continue to manage the Debtor post-confirmation. The Plan will be funded by the operations of the Debtor in winding up and liquidation and contributions by insiders Marc Lajeunesse and his company Micro Bio Tech. Marc Lajeunesse and Micro Bio Tech are buying the liquidation value of assets for $70,000 over six months. The $70 000 amount has been reduced since some of the inventory/product was recently sold and will continue to dwindle so the asset value will be adjusted according to recent transactions. Additionally they are paying the priority tax claims in Class 1, assuming and paying the TD Bank secured claims in Class 2, and paying the general unsecured creditors in Class 3 $150,000, payable $9375 per quarter over four years.

Mr. Lajeunesse has an MBA from Crummer Graduate School of Business at Rollins College and is a successful entrepreneur with 35 years experience in building companies. He has other businesses and over a $5 million net worth.

Marc Lajeunesse is the founder of Micro Bio Tech LLC and doing business as Agro Bio USA for the agriculture world. Marc has been in the agriculture business for over 13 years now developing new, unique and innovative products and concepts . His latest accomplishment was to open a brand new state of the art biological manufacturing plant and lab in Yerington, Nevada using new methodology to analyze, reproduce and balance any soil's biome using a mix of native and stock of unique microorganism identified from various regions, crops, soils and climate conditions.

Micro Bio Tech LLC, is Marc Lajeunesse's company, doing business as Agro Bio USA and Organic Labs. Marc Lajeunesse is its only owner. Its Address is 17 Pete Hendrichs Rd, Yerington, NV 89447. Agro Bio produces bacteria and Organic Labs sells products.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02 Effective Date of Plan. The effective date of this Plan is the first day of the month that is at least fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 Corporate Governance. The Debtor requests that the Court relieve it of the requirement of § 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held business.

8.08 Administration of Plan.

a. Consensual Plan. In the event that confirmation of the Plan is consensual (i.e., all impaired classes have voted to accept the Plan, the Debtor will be responsible for the administration of payments under the Plan. The Subchapter V Trustee shall be discharged from their duty upon entry of the Confirmation Order.

b. Non-consensual Plan. In the event that all impaired classes fail to vote to accept the Plan, the Debtor will tender payments for all non-accepting impaired classes directly, unless a class objects to the Debtor making said payment. The Debtor will tender payments directly to any impaired class that voted to accept the Plan. The Subchapter V Trustee shall continue to monitor the Debtor's affairs until all payments due within the first five years of the Plan have been made. The Debtor will be responsible for payment of any reasonable administrative expense claims resulting from the Subchapter V Trustee's continual monitoring of the case post-confirmation. In the event the Debtor fails to tender a payment under the Plan, the affected party may file a motion with the Court seeking appropriate relief, including dismissal of the Debtor's bankruptcy or conversion to Chapter 7.

c. Post Confirmation Operating Reports and Tax Returns. The Debtor shall be responsible for filing all required post-confirmation operating reports and tax returns.

d. Injunction Against Interference with Plan. Upon the entry of the Confirmation Order, all holders of claims and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan including any actions against Debtor or its assets.

## ARTICLE IX
## DISCHARGE

9.01 Consensual Plan. If the Plan is confirmed under § 1191(a), on the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (I) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007( c ) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02 Non-consensual Plan. If the Plan is confirmed under § 1191(b), the Debtor shall receive its discharge once all payments due within the first five years of the Plan have been made, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.1 Retention of Jurisdiction. Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and

to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

g. The entry of an order concluding and terminating this case.

**DATED** on this 11/25/24

Agro Research International, LLC
By /s/: Marc Lajeunesse

Joel M. Aresty
Of Counsel Stiberman Law
Counsel for Debtor
309 1ST Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483

STIBERMAN LAW, P.A.
Robert A. Stiberman, Esq.
Counsel for Debtor
2601 Hollywood Blvd.
Hollywood, FL 33020-6025
Tel. (954) 922-2283
Ras@stibermanlaw.com
By: /s/ Robert A. Stiberman
FBN #132799

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF and will be mailed by US mail to all parties on the official matrix along with a Ballot.

/s/Joel M. Aresty

Agro Research International, LLC

**Exhibit A– Value of Property**
**And Liquidation Analysis**

***Plan Proponent's Estimated Liquidation Value of Assets***

***Assets at Liquidation***

| | |
|---|---|
| *All personal property sch B doc 28* | *127,308** |
| *total* | *127,308** |

****appraisal attached is $67,000***

***Liabilities in Liquidation***

| | |
|---|---|
| *ch 7 atty cpa* | *30,000* |
| *ch 11 admin* | *30,000* |
| *20% Discount liquidation property* | *25,461* |
| *Priority unsecured claims* | *130,355.52* |
| *Unsecured claims* | *3,149,513.67* |
| *Secured claims* | *131438* |
| *total* | *3,496,768.19* |

***Net***

| | |
|---|---|
| *assets* | *127,308* |
| *ch 7 liabilities* | *(3,496,768.19)* |
| *total* | *(3,369,460.19)* |

***Percentage of Claims Which secured Creditors Would Receive Or Retain in a Chapter 7 Liquidation*****:** ***Unsecured creditors*** **: 0% -** ***Secured Creditors*** **: 100% to value of collateral**

***Percentage of Claims Which Allowed claims of secured Creditors and unsecured creditors Will Receive or Retain under the Amended Plan secured 100% – unsecured 4.7 % from $150,000 paid from outside estate***

EWALD AUCTIONS

October 14, 2024

Via email (aresty@mac.com, ariel@stibermanlaw.com and marc@agroresearchinternational.com ) ONLY

Mr. Joel M. Aresty, Esq.
JOEL M. ARESTY, P.A.
309 1st Ave S.
Tierra Verde, FL 33715

Re: Agro Research International, LLC Asset Appraisal
Case No. 6:24-bk-03122-LVV
Asset Appraisal

Dear Mr. Aresty:

I would like to thank you for the opportunity for Ewald Auctions, Inc. to provide this appraisal of the assets reportedly belonging to Agro Research International, LLC. The items were appraised at the business location at 29203 Red Hibiscus Ct., Sorrento, Florida.

The purpose of this appraisal is to determine the Replacement Value of the items contained in this report. The appraisal was conducted in connection with Agro Research International, LLC's filing for relief under the United States Bankruptcy Code. According to U.S.C. 11 Sec. 506(a)(2), Replacement Value is defined as the price that would be incurred in replacing the item with an item with one of like kind and quality without consideration of any costs associated with the sale of an item. In this instance, it is this appraiser's opinion that Replacement Value equals Fair Market Value. It is a reasonable price that an owner may expect to receive or to pay in an open and competitive market atmosphere in the local area.

The following appraisal, in our opinion, accurately represents Replacement Value of the assets as of October 14, 2024. This appraisal is based on the market data approach estimating values by utilizing data of comparable items. This method relies on the concept of substitution and assumes that one would not pay more for an item than a price at which one could obtain a comparable item of similar utility in similar condition and age. It is based on our experience of conducting auctions of similar property and available comparable sales data. The intended use of this appraisal is for the client's internal use only. All values are in terms of cash or its equivalent.

| Location | Description | Amount | Qty | Extension |
|---|---|---|---|---|
| | Thyme oil extract, molasses, seaweed (@210gallons) | $ 27.50 | 210 | $ 5,775.00 |
| | Finished bottled goods (@264gallons) | $ 29.00 | 264 | $ 7,656.00 |
| | Hops Harvester 5P, in fair condition, been sitting for a while, S/N 0039 | $ 4,500.00 | 1 | $ 4,500.00 |
| | 3 Guys Solar LLC PV Solar System; 36 panels, SolarEdge HD Wave SE10000H-US Inverter & safety switch | $ 12,500.00 | 1 | $ 12,500.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Primara LX2000 Label Printer | $ | 375.00 | 1 | $ | 375.00 |
| office desks, conference table and chairs | $ | 550.00 | 1 | $ | 550.00 |
| Mixing tank, plastic, 3,000gal cap. w/ mixer unit | $ | 1,000.00 | 1 | $ | 1,000.00 |
| Air compressor, Ingersoll-Rand, 30T, model 242-5N | $ | 900.00 | 1 | $ | 900.00 |
| CaterpillarV50E 4000 lb forklift in fair condition, propane, 3 stage, s/s shift, 6,933hrs | $ | 4,250.00 | 1 | $ | 4,250.00 |
| Scissor Lift (removed last year for scrap value) | $ | - | 1 | $ | - |
| 2018 Ford F-150 Super Crew Limited Pickup, 4WD, hard bed topper, Automatic, V6, EcoBoost, 3.5L gasoline engine, debor claims transmission issue at shifiting, VIN#1FTEW1EG8JFB96378, 72,444miles, Average condition | $ | 29,500.00 | 1 | $ | 29,500.00 |

| | | |
|---|---|---|
| **TOTAL APPRAISED VALUE** | **$** | **67,006.00** |

CERTIFICATION:
I certify that to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.
- The value estimate contained herein is the appraiser's professional unbiased analyses and opinion and is based upon the appraiser's best judgment, experience, research, and information as of the date of this appraisal. The appraiser assumes no liability of any party acting on behalf of this report. The appraiser is not responsible for changes in the market or additional information provided after the date of the appraisal.
- No one other than the appraiser may change any items contained in the appraisal and the appraiser shall not be responsible for any unauthorized changes.
- I have no past, present or prospective interest in the property that is the subject of this report. The appraiser is an unbiased third party and has no personal interest or bias with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- The appraisal fee is an hourly or flat fee agreed upon by the appraiser and client prior to beginning the appraisal process and research. The appraiser is not required to give testimony in any court of law or appear before any commission or board by reason of this appraisal unless prior arrangements have been made with the appraiser. Should further examination, consultation, or a court appearance be required, the fee would be the current hourly rate, plus travel time and any other travel expenses. This fee is to be paid to the attorney or trustee in advance of any court hearing and remitted to Ewald Auctions, Inc. after completion of testimony.
- The fee is in no way contingent upon the development or reporting or a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- This appraisal is not a certification of title or a guarantee of ownership. This appraisal is subject to and

contingent upon the article or articles being owned whole without any liens, fractional interest, or encumbrances. Information supplied by other persons forms the basis for all statements regarding ownership.

- The appraiser has listed and described everything pointed out to him to the best of his ability and with resources known and available at this time. However, all descriptions, designations, materials, usages, and values are opinions only, and the appraiser does not accept any liability for the appraisal due to errors, omissions, or changing market conditions.
- The scope of this appraisal is limited to the items listed herein. It does not include a detailed search of drawers, closets, garages, etc. Unless stated differently, items listed herein are in good condition.
- I/we have made a personal inspection of the property that is the subject of this report.
- No one provided significant professional assistance to the person signing this report.

Please call if we may be of any further assistance.

Very truly yours,

*Robert H. Ewald*

Robert H. Ewald
Auctioneer/Appraiser
Ewald Auctions, Inc.

# EXHIBIT B

**DATE: 10/14/2024**
**PLAN: MARC LAJEUNESSE**

**ASSETS AGRO RESEARCH INTERNATIONAL LLC.**

| REGARDING ASSETS | TOTAL AMOUNT | UPFRONT | PAYMENT PLAN IN 180 DAYS | IN 360 DAYS | FROM MARC TO DIP ACC 11/01/2024 UPFRONT | $ 95,663.28 |
|---|---|---|---|---|---|---|
| ** ASSETS LIST(APPRAISAL) | $ 67,006.00 | $ 33,503.00 | $ 16,751.50 | $ 16,751.50 | $ 33,503.00 | |

| SECURED PUBLIC INSTITUTIONS | TOTAL AMOUNT | UPFRONT | PAYMENT PLAN IN 180 DAYS | IN 360 DAYS | UPFRONT |
|---|---|---|---|---|---|
| IRS-FORM 668/498617424 | $ 51,494.38 | $ 51,494.38 | | | $ 51,494.38 |
| FDOR-RT 27D- 1QT-2024 | $ 1,159.55 | $ 1,159.55 | | | $ 1,159.55 |

| SECURED | Amount claimed: | PAYMENT PLAN TIME | MONTHLY | QUARTERLY |
|---|---|---|---|---|
| TD Bank, N.A. c/o Jack M. Brennan | $ 125,292.13 | 70 MONTHS | $ 1,789.89 | |
| TD Bank, N.A. c/o Jack M. Brennan | $ 2,772.16 | 3 MONTHS | | 2772.16 |
| TD Bank, N.A. c/o Jack M. Brennan | $ 1,464.76 | 3 MONTHS | | 1464.76 |
| TD Bank, N.A. c/o Jack M. Brennan | $ 13,416.24 | 10 MONTHS | $ 1,341.62 | |
| TD Bank, N.A. c/o Jack M. Brennan | $ 101,555.00 | * DEAL W/TD BANK | | |

| No | Creditor: | Company: | Address: | Original Filed Date: | Original Entered Date: | Amount claimed: | 5% | UPFRONT |
|---|---|---|---|---|---|---|---|---|
| 1 | 31028517 | Uline | 12575 Uline Drive Pleasant Prairie, WI 53158 | 7/8/2024 | 7/9/2024 | $ 255.86 | $ 12.79 | $ 0.80 |
| 2 | 31059911 | Capital One N.A. AIS InfoSource LP as agent | PO Box 71083 Charlotte, NC 28272-1083 | 7/25/2024 | 7/25/2024 | $ 86,379.43 | $ 4,318.97 | $ 269.94 |
| 3 | 31098225 | Downey Brand LLP c/o Jamie P. | Dreher 621 Capitol Mall, 18th Floor Sacramento, CA 95814 | 8/14/2024 | 8/14/2024 | $ 72,894.82 | $ 3,644.74 | $ 227.80 |
| 4 | 31108471 | Skagit Farmers Supply | PO Box 266 Burlington, WA 98233 | 8/20/2024 | 8/20/2024 | $ 889,156.25 | $ 44,457.81 | $ 2,778.61 |
| 5 | 31118923 | Cellco Partnership d/b/a Verizon Wireless William M Vermette | 22001 Loudoun County PKWY Ashburn, VA 20147 | 8/26/2024 | 8/26/2024 | $ 3,419.18 | $ 170.96 | $ 10.68 |
| 6 | 31124778 | Total Quality Logistics, LLC Attn: Joseph B. Wells, Corporate Counsel | 4289 Ivy Pointe Blvd Cincinnati, OH 45245 | 8/28/2024 | 8/28/2024 | $ 7,615.00 | $ 380.75 | $ 23.80 |
| 7 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | ESQ. 301 E. Pine Street, Suite 1400 Orlando, FL 32801 | 8/29/2024 | 8/29/2024 | $ 125,292.13 | | |
| 8 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | ESQ. 301 E. Pine Street, Suite 1400 Orlando, FL 32802 | 8/29/2024 | 8/29/2024 | $ 2,772.16 | | |
| 9 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | ESQ. 301 E. Pine Street, Suite 1400 Orlando, FL 32802 | 8/29/2024 | 8/29/2024 | $ 1,464.76 | | |
| 10 | 30999403 | Jesus Romero c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 11 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | ESQ. 301 E. Pine Street, Suite 1400 Orlando, FL 32801 | 8/29/2024 | 8/29/2024 | $ 13,416.24 | | |
| 12 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | ESQ. 301 E. Pine Street, Suite 1400 Orlando, FL 32801 | 8/29/2024 | 8/29/2024 | $ 101,555.00 | | |
| 13 | 30999404 | Ken Bernards c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 14 | 31128948 | Peter Hoffman Arns Davis Law | San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 15 | 30999406 | Lucia Hossfeld c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 16 | 30999420 | Tim Porter c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 17 | 31129377 | Hossfeld Vineyards Inc. Arns Davis Law | 515 Folsom Street, 3rd Flr. San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 18 | 30999400 | Hossfeld Vineyards Wine Co. c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 19 | 30999410 | Porter Family Vineyards, LLC c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 20 | 30999409 | Peter Hoffman c/o ARNS DAVIS LAW | 515 Folsom St., 3rd Floor San Francisco, CA 94105 | 8/29/2024 | 8/29/2024 | $ - | $ - | $ - |
| 21 | 31130953 | California Department of Food and Agriculture | 1220 N Street, Suite 140 Sacramento,CA 95814 | 8/29/2024 | 8/29/2024 | $ 1,982,312.13 | $ 99,115.61 | $ 6,194.73 |
| | | | | | | $ 3,042,032.67 | $ 152,101.63 | $ 9,506.35 |

| | | | 2025 | | | | 2026 | | | | 2027 | | | | 2028 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| No | Creditor: | Company: | Q1 | Q2 | Q3 | Q4 | Q1 | Q2 | Q3 | Q4 | Q1 | Q2 | Q3 | Q4 | Q1 | Q2 | Q3 |
| 1 | 31028517 | Uline | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 | $ 0.80 |
| 2 | 31059911 | Capital One N.A. AIS InfoSource LP as agent | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 | $ 269.94 |
| 3 | 31098225 | Downey Brand LLP c/o Jamie P. | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 | $ 227.80 |
| 4 | 31108471 | Skagit Farmers Supply | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 | $ 2,778.61 |
| 5 | 31118923 | Cellco Partnership d/b/a Verizon Wireless William M Vermette | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 | $ 10.68 |
| 6 | 31124778 | Total Quality Logistics, LLC Attn: Joseph B. Wells, Corporate Counsel | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 | $ 23.80 |
| 7 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | | | | | | | | | | | | | | | |
| 8 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | | | | | | | | | | | | | | | |
| 9 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | | | | | | | | | | | | | | | |
| 10 | 30999403 | Jesus Romero c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 11 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | | | | | | | | | | | | | | | |
| 12 | 31127000 | TD Bank, N.A. c/o Jack M. Brennan | | | | | | | | | | | | | | | |
| 13 | 30999404 | Ken Bernards c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 14 | 31128948 | Peter Hoffman Arns Davis Law | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 15 | 30999406 | Lucia Hossfeld c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 16 | 30999420 | Tim Porter c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 17 | 31129377 | Hossfeld Vineyards Inc. Arns Davis Law | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 18 | 30999400 | Hossfeld Vineyards Wine Co. c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 19 | 30999410 | Porter Family Vineyards, LLC c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 20 | 30999409 | Peter Hoffman c/o ARNS DAVIS LAW | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 21 | 31130953 | California Department of Food and Agriculture | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 | $ 6,194.73 |
| | | | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 | $ 9,506.35 |

# EXHIBIT B-2

| | | | | | |
|---|---|---|---|---|---|
| **Company:** | **Micro Bio Tech LLC** | | | | |
| | | **SALES** | **NET INCOME** | **NET INCOME AVERAGE** | **AVERAGE** |
| | | **Oct-24** | **Oct-24** | **PER MONTH** | **PER QUARTER** |
| **Dba:** | Agro Bio USA | $ 539,879.68 | $ 262,777.85 | $ 26,277.79 | $ 78,833.36 |
| **Dba:** | Organic Labs | $ 607,139.82 | $ 202,893.69 | $ 20,289.37 | $ 60,868.11 |

**PAYMENTS PROPOSED**

| | | |
|---|---|---|
| **UPFRONT SECURED** | $ 95,663.28 | * Includes first payment of the 5% of unsecured claims |
| **MONTHLY TD BANK** | $ 1,768.36 | 70 months |
| **MONTHLY TD BANK** | $ 1,341.62 | 10 months |
| **QUARTERLY TD BANK** | $ 2,772.16 | 1 quarter |
| **QUARTERLY TD BANK** | $ 1,464.76 | 1 quarter |
| **QUARTERLY TD BANK** | * DEAL W/TD BANK | |
| **QUARTERLY UNSECURED** | $ 9,506.35 | 15 quarters |

| | **MONTHLY** | | | | **QUARTERLY** | | | | **Total Payment** |
|---|---|---|---|---|---|---|---|---|---|
| **MONTHS** | **70 months** | **10 months** | **Total per Month** | | **1 quarter** | **1 quarter** | **15 quarter** | **Total per Quarter** | **quarter+month** |
| **1** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | **1** | $ 2,772.16 | 1464.76 | $ 9,506.35 | $ 13,743.27 | $ 16,874.78 |
| **2** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **3** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **4** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | **2** | | | $ 9,506.35 | $ 9,506.35 | $ 12,637.86 |
| **5** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **6** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **7** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | **3** | | | $ 9,506.35 | $ 9,506.35 | $ 12,637.86 |
| **8** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **9** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | | | | | | $ 3,131.51 |
| **10** | $ 1,789.89 | $ 1,341.62 | $ 3,131.51 | **4** | | | $ 9,506.35 | $ 9,506.35 | $ 12,637.86 |
| **11** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **12** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **13** | $ 1,789.89 | | $ 1,789.89 | **5** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **14** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **15** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **16** | $ 1,789.89 | | $ 1,789.89 | **6** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **17** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **18** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **19** | $ 1,789.89 | | $ 1,789.89 | **7** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **20** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **21** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **22** | $ 1,789.89 | | $ 1,789.89 | **8** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **23** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **24** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **25** | $ 1,789.89 | | $ 1,789.89 | **9** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **26** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **27** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **28** | $ 1,789.89 | | $ 1,789.89 | **10** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **29** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **30** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **31** | $ 1,789.89 | | $ 1,789.89 | **11** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **32** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **33** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **34** | $ 1,789.89 | | $ 1,789.89 | **12** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **35** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **36** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **37** | $ 1,789.89 | | $ 1,789.89 | **13** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **38** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **39** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **40** | $ 1,789.89 | | $ 1,789.89 | **14** | | | $ 9,506.35 | $ 9,506.35 | $ 11,296.24 |
| **41** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **42** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **43** | $ 1,789.89 | | $ 1,789.89 | **15** | | | $ 9,506.38 | $ 9,506.38 | $ 11,296.27 |
| **44** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **45** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **46** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **47** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **48** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **49** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **50** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **51** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **52** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **53** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **54** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **55** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **56** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **57** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **58** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **59** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **60** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **61** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **62** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **63** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **64** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **65** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **66** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **67** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **68** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **69** | $ 1,789.89 | | $ 1,789.89 | | | | | | $ 1,789.89 |
| **70** | $ 1,789.76 | | $ 1,789.76 | | | | | | $ 1,789.76 |
| **TOTAL** | $ 125,292.17 | $ 13,416.20 | $ 138,708.37 | **TOTAL** | $ 2,772.16 | $ 1,464.76 | $ 142,595.28 | $ 146,832.20 | $ 285,540.57 |

# Micro Bio Tech, LLC dba Agro Bio USA

## Profit and Loss

January - October, 2024

| | TOTAL |
|---|---|
| Income | |
| Organic Labs P&L | 0.00 |
| Sales of Product Income | 533,003.29 |
| Services | 1,170.53 |
| Shipping Income | 5,705.86 |
| **Total Income** | **$539,879.68** |
| Cost of Goods Sold | |
| Cost of goods sold | 42,869.84 |
| Cost of labor - COGS | |
| Contract labor | 16,853.12 |
| **Total Cost of labor - COGS** | **16,853.12** |
| Freight in - COGS | 10,245.93 |
| Supplies & materials - COGS | 7,843.84 |
| Supplies & Materials | 12,449.46 |
| **Total Supplies & materials - COGS** | **20,293.30** |
| **Total Cost of goods sold** | **90,262.19** |
| Inventory Shrinkage | 0.00 |
| **Total Cost of Goods Sold** | **$90,262.19** |
| GROSS PROFIT | **$449,617.49** |
| Expenses | |
| Advertising & marketing | 9,300.00 |
| Business licenses | 558.75 |
| Other Business Expenses | -5,000.00 |
| **Total Business licenses** | **-4,441.25** |
| Consulting Services | 38,423.46 |
| Lab Service Fees | 3,582.55 |
| **Total Consulting Services** | **42,006.01** |
| Employee benefits | 2,599.36 |
| Employee retirement plans | 1,576.87 |
| Officers' life insurance | 1,138.70 |
| Workers' compensation insurance | 7,440.20 |
| **Total Employee benefits** | **12,755.13** |
| General business expenses | |
| Bank fees & service charges | 6,888.00 |
| Wire Transfer Fees | 60.00 |
| **Total Bank fees & service charges** | **6,948.00** |
| Computers & Software Programs | 8,010.21 |
| Reimbursements (dbas.) | -226,074.68 |
| **Total General business expenses** | **-211,116.47** |

| | TOTAL |
|---|---|
| Insurance | 913.69 |
| Liability insurance | 12,495.33 |
| **Total Insurance** | **13,409.02** |
| Laboratories (deleted) | 143.00 |
| Legal & accounting services | 13,380.81 |
| Meals | 2,645.24 |
| Travel meals | 976.39 |
| **Total Meals** | **3,621.63** |
| Office expenses | 4,640.91 |
| Cleaning Service | 3,284.90 |
| Office supplies | 3,805.68 |
| Shipping & postage | 1,957.92 |
| Small tools & equipment | 3,900.00 |
| Software & apps | 270.00 |
| **Total Office expenses** | **17,859.41** |
| Payroll expenses | 397.24 |
| Salaries & wages | 210,341.04 |
| Taxes | 47,291.58 |
| **Total Payroll expenses** | **258,029.86** |
| Registrations/Licensing | 1,627.75 |
| Reimbursements (personnel) | 1,132.08 |
| Rent | 467.87 |
| Repairs & maintenance | 7,201.09 |
| Taxes paid | 88.73 |
| Travel | 2,620.92 |
| Airfare | 2,851.77 |
| Hotels | 643.99 |
| **Total Travel** | **6,116.68** |
| Utilities | 4,488.07 |
| Disposal & waste fees | 877.55 |
| Internet & TV services | 608.74 |
| Phone service | 106.22 |
| Water & sewer | 705.72 |
| **Total Utilities** | **6,786.30** |
| **Total Expenses** | **$178,367.65** |
| NET OPERATING INCOME | **$271,249.84** |
| Other Expenses | |
| Reconciliation Discrepancies | 4,637.00 |
| Representation | 2,326.30 |
| Vehicle expenses | |
| Parking & tolls | 310.53 |
| Vehicle gas & fuel | 914.33 |

| | TOTAL |
|---|---|
| Vehicle repairs | 283.83 |
| **Total Vehicle expenses** | **1,508.69** |
| **Total Other Expenses** | **$8,471.99** |
| NET OTHER INCOME | **$ -8,471.99** |
| NET INCOME | **$262,777.85** |

EXHIBIT B-4

# Organic Labs

## Profit and Loss

January - October, 2024

| | TOTAL |
|---|---:|
| Income | |
| Discounts given | -10,552.32 |
| Refunds to customers | 0.00 |
| Sales | 0.00 |
| Sales of Product Income | 666,826.31 |
| Services | -57,897.13 |
| Shipping Income | 8,762.96 |
| **Total Income** | **$607,139.82** |
| Cost of Goods Sold | |
| Cost of goods sold | 657.00 |
| Supplies & materials | 257,683.22 |
| **Total Cost of goods sold** | **258,340.22** |
| Shipping, Freight & Delivery - COS | 38,553.77 |
| **Total Cost of Goods Sold** | **$296,893.99** |
| GROSS PROFIT | **$310,245.83** |
| Expenses | |
| Advertising & marketing | 6,393.32 |
| Business licences | |
| License & Registration | 13,483.86 |
| **Total Business licences** | **13,483.86** |
| Commissions & fees | 1,246.21 |
| General business expenses | |
| Bank fees & service charges | 245.66 |
| Lab Analysis | 15,397.03 |
| Memberships & subscriptions | 5,864.80 |
| **Total General business expenses** | **21,507.49** |
| Meals | 104.22 |
| Travel meals | 682.08 |
| **Total Meals** | **786.30** |
| Office expenses | |
| Office supplies | 5,814.46 |
| Printing & photocopying | 376.35 |
| Shipping & postage | 2,960.72 |
| Small tools and equipment | 2,252.71 |
| Software & apps | 219.96 |
| **Total Office expenses** | **11,624.20** |
| Purchases | 1,252.31 |
| QuickBooks Payments Fees | 522.29 |
| Supplies | 28.14 |

# Organic Labs

## Profit and Loss

January - October, 2024

| | TOTAL |
|---|---|
| Travel | 3,797.03 |
| Airfare | 1,442.88 |
| Hotels | 1,322.10 |
| **Total Travel** | **6,562.01** |
| Utilities | |
| Electricity | 1,121.23 |
| Internet & TV services | 647.89 |
| **Total Utilities** | **1,769.12** |
| **Total Expenses** | **$65,175.25** |
| NET OPERATING INCOME | **$245,070.58** |
| Other Income | |
| Late Fee Income | 0.00 |
| **Total Other Income** | **$0.00** |
| Other Expenses | |
| Home office | |
| Rent | 42,000.00 |
| **Total Home office** | **42,000.00** |
| Vehicle expenses | |
| Parking & tolls | 2.70 |
| Vehicle gas & fuel | 174.19 |
| **Total Vehicle expenses** | **176.89** |
| **Total Other Expenses** | **$42,176.89** |
| NET OTHER INCOME | **$ -42,176.89** |
| NET INCOME | **$202,893.69** |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:
Agro Research International, LLC
Debtor.
_____________________________/

Case No: 6:24-bk-03122-LVV
Chapter 11, Subchapter V

Exhibit C

BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

The Plan of Reorganization referred to in this ballot can be confirmed by the court and thereby made binding on you if it is accepted by the holders of two–thirds in dollar amount and more than half in number of the ballots cast in each class. In the event the requisite acceptances are not obtained, the court nevertheless may confirm the Plan if the court finds that the Plan accords fair and equitable treatment to the class rejecting it.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

**To have your vote counted, you must complete and submit a ballot using CM/ECF for those users with a login and password. For those without a login in and password, you may submit your ballot through the Chapter 11 eBallots Link on the Court's website or by mailing a completed ballot to the Clerk at the address below.**

**Website address: www.flmb.uscourts.gov**

The undersigned, a class______creditor of the above–named debtor in the unpaid principal amount of $___________,

(Check one box) ( ) ACCEPTS ( ) REJECTS the Plan of Reorganization of the debtor.

Dated: _____________Name of Creditor_________________________________
Creditor's Signature_____________________________________________
By______________________________________________
(If Appropriate)

As______________________________________________
(If Appropriate)

Address_______________________________________________________
_______________________________________________________

**All ballots must be received on or before ____________________**

**************************************************************************

––––– For Ballot Tabulation Only ––––––
*******************************************

Ballot No.________________Creditor Class_

Claim No.________________Claim $_

Claim Amount per Schedule $__________________

*******************************************

Mail to:

Clerk
United States Bankruptcy Court
400 W. Washington Street
Suite 5100
Orlando, FL 32801
407-237-8000