UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:

Agro Research International, LLC
Debtor.
_________________________/

Case No: 6:24-bk-03122-LVV
Chapter 11, Subchapter V

## CONFIRMATION AFFIDAVIT FOR SUB V DEBTOR

Marc Lejeunesse, pursuant to 28 U.S. Code §1746 - Unsworn declarations underpenalty of perjury, respectfully represents, deposes and says:

1. My name is Marc Lajeunesse, I am the managing member of debtor in this case, over 21 years of age, and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

2. I make this declaration in support of the confirmation of the Debtor's second amended plan of reorganization, and exhibits, DE 93 filed 11/25/24 (the "plan"). Exhibit 1. Debtor is a corporation.

3. I am familiar with my business, operations and assets. My duties include preparation of financial statements, and supervision of daily financial and business affairs. I am a manager and of debtor tasked by debtor with the administration of this chapter 11 case, and I make this declaration from personal knowledge. As such I am the custodian of the business records of debtor and have personal knowledge of the records and how the records were made and kept. It is a regular practice of the business to make a record whenever business activity occurs. The records were made at or near the time of the event or activity in the records and if first obtained by someone other than I, were placed in my custody and transmitted by persons actually recording the events or with personal knowledge of the same such as accountant acting in the scope of their duties for debtor.

4. The records proffered as evidence as exhibits are in a register of which is attached as exhibit A, were kept in the ordinary course of business and it is a regular practice of the business to make such a record when such an activity occurs.

5. I am also familiar with and participated in, the negotiations leading to, and the terms and conditions of the plan, and the documents related thereto. More specifically, I was directly responsible for supervising

the preparation of financial projections and the liquidation analysis contained in the plan and reviewed them for accuracy and completeness.

6. The plan included the following principal features:

Administrative Claims –$34,468 fees sought to be paid to Stiberman/Aresty, to be paid as allowed pursuant to agreement with counsel.

Class 1 – FL Dept Rev $1159.55 to be paid at confirmation; IRS claim 23 priority $115,261.59 has been objected to at DE 120 due to disputed amount. We have been conferring with IRS to resolve. If claim is allowed, it is to be paid as allowed including interest within 5 years of petition date (6/20/24) so over four years - amortized over 4 years at 7% interest or if allowed in full, $2760.09 per month in payments commencing within 30 day of effective date; unsecured $34,186.51 to be paid in class 3.

Class 2 – TD Bank –

Claim 7 $125,292 blanket to be paid over 60 months starting 6/1/25 at $1305 per month for first 12 months the $2284 month the next 48 months

Claim 8 2772.16 (2007 Moffett m5500) to be paid April 15

Claim 9 1464.76 2004 Clark to be paid March 18

Claim 11 $13,416.24 volvo to be paid over 12 months beginning May 15, 2025

Claim 12 $101,555 Indian supplier to be paid over 24 months beginning August 1, 2025 at $2115 per month first 12 months then $6351 per month next 12 months

Class 3 – Unsecured to be paid a dividend by Equity Holder Marc Lajeunesse and his corporation $150,000 over 4 years in quarterly payments $9375 per quarter; a 4.7% dividend. See exhibit 4 updated list and exhibit 5 showing the quarterly payments to each creditor.

Insider claims of $166,189 were subordinated and not paid in plan.

7. Benefits and Dividends. The benefits of the Plan and to Debtor is that as a result of the debt restructuring contemplated by this chapter 11 reorganization under subchapter V, the Debtor will have reduced debt service and debt requirements by almost $3 million.

8. Liquidation Analysis. To confirm the Plan the court must find that all creditors who do not accept the Plan will receive at least as much as they would receive in a chapter 7 liquidation. As set forth in the liquidation analysis contained in the plan, a liquidation of the Debtor would result in zero of value for distribution to the Debtor's unsecured creditors after administrative costs, but the plan provides for 4.7% dividend plus payment of all administrative claims. Secured creditor TD Bank will receive 100% in the plan but would only receive the value of its collateral in a liquidation.

9. The costs of administration also have to be deducted in a liquidation analysis. Counsel has been given a lot of work to do by creditors, and it is estimated that significant additional fees and costs will be incurred. Trustee fees to subchapter V Trustee are being paid $1,000 month already and will continue to be paid until paid in full.

10. The methodology we used in preparing or supervising the preparation of the liquidation analysis included: personal knowledge, professional appraisal by Ewald Auctions (attached to Plan) and opinions of assets, consultation with US Trustee and SubV Trustee and bankruptcy counsel Joel M. Aresty.

11. Feasibility. The plan including the modifications proposed is feasible because Debtor can make the payments.

a. Debtors will be able to meet all obligations under the plan, make all payments under the plan, and there is a reasonable likelihood that the debtor will be able to make all payments under the plan: Assuming the effective date of the plan is 4/15/2025 the Debtor will have sufficient cash available to it to make all payments required to be made on such date. Such funds will be derived as described below.

b. Contributions by insiders Marc Lajeunesse and his company Micro Bio Tech. Marc Lajeunesse and Micro Bio Tech are buying the liquidation value of assets for $70,000 over six months. The $70 000 amount has been reduced since some of the inventory/product was recently sold and will continue to dwindle so the asset value will be adjusted according to recent transactions. Additionally they are paying the priority tax claims in Class 1, assuming and paying the TD Bank secured claims in Class 2, and paying the general unsecured creditors in Class 3, $150,000, payable $9375 per quarter over four years, plus the administrative expenses to counsel.

c. Debtor incorporates by reference the description of Marc Lejeunesse's business Mico Bio Tech and Organic Labs and the financials attached to the 2d Amended Plan DE 93, which is an exhibit to the confirmation hearing. Exhibit B-2, showing the ability to pay secured creditor TD Bank; B-3, showing profit and loss net income of $262,700, and B-4, showing Organic Labs net income of $202,893.

d. Based on the projections, the Debtor will be in compliance with all the financial covenants under its loan agreements.

e. Based on the projections, the Debtor will be able to meet all payment obligations required by the plan.

12. Debtors seeks to confirm their plan under 11 U.S.C §1191(a), and the plan would meet all of the requirements of §1191(a) as a consensual plan, unless the court discounts for non-voting creditors, in which case Debtor may have to confirm its plan as non-consensual under §1191(b),

Debtors and Sub V Trustee have attempted to obtain consent of creditors and will continue to do so. The plan does not discriminate unfairly, and is fair and equitable, with respect of claims or interests impaired under, and who have not accepted the plan. The plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interests in the event that the payments are not made.

13. Modifications and Objections. Modifications to the Plan if requested by creditors and the United States Trustee and agreed to by Debtors can be approved pursuant to section 1193(a) of the bankruptcy code and bankruptcy rule 3019(a) and included in the order confirming plan. IRS claim 23 amended 2/18/25 changed the unsecured debt to $34,186.51, but the new amount does not affect the overall dividend rate of 4.7% to unsecured creditors

14. Debtor reserves for additional modifications.

Wherefore debtor respectfully requests that their plan be confirmed as modified.

I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed on 3/14/25 Agro Research International, LLC

By s/s: Marc Lajeunesse MGM

STIBERMAN LAW, P.A.
Robert A. Stiberman, Esq.
Counsel for Debtor
2601 Hollywood Blvd.
Hollywood, FL 33020-6025
Tel. (954) 922-2283
Ras@stibermanlaw.com
FBN #132799

Joel M. Aresty, Esq.
Of-Counsel Stiberman Law P.A.
Board Certified Business
Bankruptcy Law
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:

Agro Research International, LLC
Debtor.
_____________________________/

Case No: 6:24-bk-03122-LVV
Chapter 11, Subchapter V

**Debtor's Exhibit List**
(Hearing on Confirmation (DE 99 & 108)
Hearing Date: 3/18/25

| Exh. # | Document Description | Date Identified | *Date Admitted* | *With or Without Objection* |
|---|---|---|---|---|
| 1 | DE 93 Second Amended Plan and Exhibits | | | |
| 2 | Confirmation Affidavit | | | |
| 3 | Ballot Tabulation | | | |
| 4 | Unsecured creditor list updated | | | |
| 5 | Table of quarterly payments to unsecured creditors | | | |

Dated:3/14/25
Respectfully submitted,

Joel M. Aresty
Of Counsel Stiberman Law
for Debtor
309 1ST Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483

STIBERMAN LAW, P.A.
Robert A. Stiberman, Esq.
Counsel for Debtor
2601 Hollywood Blvd.
Hollywood, FL 33020-6025
Tel. (954) 922-2283
Ras@stibermanlaw.com
By: /s/ Robert A. Stiberman
FBN#132799